LANGSTON GORDON v. THE STATE.

No. 5585.   Decided November 26, 1919.

**1.—Theft of a Horse—Sufficiency of the Evidence.**

Where, upon trial of theft of a horse, the evidence, although conflicting, sustained the conviction, there was no reversible error.

**2.—Same—Previous Conviction—Suspended Sentence.**

Where, upon trial of theft of a horse, there was a plea for suspended sentence, the State was authorized to show a previous conviction of defendant for felony, although sentence was suspended thereon, as a means of affecting his credibility before the jury.

**3—Same—Argument of Counsel—Credibility of Witness.**

Where, upon trial of theft of a horse, the evidence showed the former conviction of the defendant under suspended sentence, there was no error in State's counsel's argument that the former conviction and suspended sentence afforded strong reason why he might falsify his own statement.

Appeal from the District Court of Houston.   Tried below before the Hon. John S. Prince, judge.

. Appeal from a conviction of theft of a horse; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— On question of former conviction and suspended sentence: Keets v. State, 76 Texas Crim. Rep., 384, 175 S. W. Rep., 149.

On question of argument of counsel: Thomas v. State, 83 Texas Crim. Rep., 325, 204 S. W. Rep., 999.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of horse theft, his punishment being assessed at four years confinement in the penitentiary.

The case is one of circumstantial evidence.   The horse was taken at night from its accustomed place of being kept and found some miles away the next morning in the town of Crockett.   Appellant was identified by two or three parties in the town of Crockett in possession of the animal trying to sell or trade it.   The witnesses had never seen appellant prior to this occasion.   They described him as wearing a brown coat and a pair of overalls, and also wearing a cap, and that he had gold filled teeth on both sides of his mouth.   Appellant, however, offered testimony to show that he did not have gold-filled teeth on both sides of his mouth, but did have one tooth with a gold crown on it on one side of his mouth.   Ap-

pellant proved an alibi, which placed him at a saw mill where he was working the entire night of the theft of the animal and during the entire day that he is said to have been in Crockett some miles distant. The alibi seems to be pretty strongly proved. However, the jury found against his contention. Under such circumstances this court would hardly feel justified in setting aside the verdict. The writer has serious doubt of the guilt of the appellant, under this record, but hardly feels justified in setting aside the verdict on this conflict of testimony. This much has been said because of the urgency of appellant as to the insufficiency of the facts to justify the conviction. Quite a number of witnesses testified in detail as to the movements of appellant, and as to facts and circumstances which if true preclude the idea that he was the party who either took the animal or was in possession of it in the town of Crockett.

Appellant took the witness stand in his own behalf and testified as practically did the other witnesses who located him at the sawmill during the night of the theft and the following day. On cross-examination he was asked by the State if he had not been previously convicted and awarded a suspended sentence. Over objection he was permitted to state that he had been convicted and awarded a suspended sentence. When this occurred is not shown. The court overruled the objections and permitted the testimony on the theory of impeachment and for the purpose of affecting his credibility as a witness. It is true appellant had not placed his reputation before the jury as to being an honest, law-abiding citizen. However, we are of opinion under the authorities that the State was authorized to show this previous conviction and suspended sentence as a means of affecting his credibility before the jury. The authorities sustain this ruling of the court.

There is another bill of exceptions reserved to the argument of the prosecution officer, who urged before the jury that the former conviction and suspended sentence afforded strong reasons why appellant might falsify his testimony, his contention being that if he was convicted in the pending case, that this would operate to set aside the suspended sentence and incarcerate him in the penitentiary in the case in which he was awarded a suspended sentence. We are of opinion that the argument of the district attorney was justified, and there was no error in the action of the court permitting such argument before the jury.

The case is before us without a brief for the appellant, but these are the questions presented by the record for revision. In view of what has been said we do not feel justified in reversing the judgment; it will, therefore, be affirmed.

*Affirmed.*